## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIAN SORIANO, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, U.S. EMBASSY IN BUENOS AIRES, ARGENTINA, MARCO RUBIO, Secretary of State, <br><br> Defendants. | Civil Action No. 2:25-222 <br> Judge Nora Barry Fischer |

### MEMORANDUM OPINION

I.     INTRODUCTION

Presently before the Court is a Complaint for Writ of Mandamus filed by pro se Plaintiff Adrian Soriano seeking a writ of mandamus directing Defendants, the United States Department of State, U.S. Embassy in Buenos Aires, Argentina and Secretary of State Marco Rubio, to explain the legal reasons why a temporary business visitor/temporary tourist visitor ("B1/B2") visa application of Argentinian citizen Alejandro Barreca was rejected and to reconsider the application. (Docket No. 3). Plaintiff initially filed this action on February 18, 2025, without paying the filing fee or submitting an in forma pauperis application. (Docket No. 1). He later paid the filing fee, and the Complaint was filed on February 23, 2025. (Docket Nos. 3, 4). After careful consideration of Plaintiff's Complaint and for the following reasons, the Court will dismiss this case for lack subject matter jurisdiction.

1

II.    BACKGROUND

Plaintiff alleges that he is a U.S. citizen residing in Pittsburgh. (Docket No. 3 at ¶ 5). He is the owner of an unspecified business and invited Barreca to attend the NTEA Trade show which he believes is critical to the development of this business. (*Id*. at ¶¶ 1, 2, 9). Plaintiff avers that Barreca applied for a B1/B2 visa at the U.S. Embassy in Buenos Aires, Argentina on January 30, 2025. (*Id*.). He contends that Barreca supplied all necessary documentation and attended a visa interview on that date, but the U.S. Embassy rejected his application and cancelled an existing B2 tourist visa for Barreca at the same time. (*Id*. at ¶ 10). Plaintiff claims that the U.S. Embassy did not provide a reason for its actions. (*Id*.). He further states that he and Barreca submitted multiple requests for review and clarification on January 30, 2025, January 31, 2025, February 4, 2025, February 5, 2025, and February 12, 2025, and Defendants have failed to respond. (*Id*. at ¶ 11).

Plaintiff filed this Complaint for Mandamus approximately one week later on February 18, 2025. (Docket No. 1). He claims that he is suffering financial and reputational harm because he is unable to host Barreca for the trade show and Barreca is therefore unable to perform permissible B-1 activities on behalf of his business including "significant opportunities for business expansion." (Docket No. 3 at ¶ 13). Plaintiff asserts that Defendants "have a non-discretionary duty to process and adjudicate visa applications in accordance with applicable law and to provide a legally sufficient explanation for any rejection." (*Id*. at ¶ 15). He further contends that "Defendants' failure to provide an adequate explanation for rejecting the visa application and their failure to respond to requests for review is unlawful and unreasonable." (*Id*. at ¶ 16).

In his Prayer for Relief, Plaintiff asks that this Court:

1. Issue a Writ of Mandamus compelling Defendants to provide a lawful and specific reason for the rejecting of the visa application of Alejandro Barreca.

2. Order Defendants to reconsider the visa application in light of the legal and factual circumstances, as Plaintiff's legitimate business interests are being harmed.

3. Award Plaintiff any further relief this Court deems appropriate, including costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

(Docket No. 3 at 3).

### III. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). The Court's "continuing obligation" to ensure that subject matter jurisdiction is present extends to it inquiring into "issues of standing and mootness sua sponte." *Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pennsylvania*, 863 F.3d 245, 252 (3d Cir. 2017) (further citations and quotations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," and an order dismissing a case for lack of subject matter jurisdiction is without prejudice. Fed. R. Civ. P. 12(h)(3).

### IV. DISCUSSION

Plaintiff brings claims under the Mandamus Act arising from the denial of a B-1/B-2 visa application of another individual, Barreca, that he invited to attend a trade show and asserts that the denial of the visa has harmed his business. (Docket No. 3). He seeks an order compelling Defendants to provide legal reasons for the denial and/or to reconsider the denial because of harm

to the business. (*Id.*). Having carefully considered the allegations in the Complaint, this matter will be dismissed for lack of subject matter jurisdiction.

### A. Non-Attorney Lacks Capacity to Represent Barreca or Business in Federal Court

At the outset, as a non-attorney representing himself pro se, Plaintiff is precluded from representing his business or Barreca and from bringing any claims on behalf of the business or Barreca under both 28 U.S.C. § 1654 and Third Circuit caselaw. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (citations omitted) ("Parties may proceed in federal court only pro se or through counsel."). Hence, any claims by the business or Barreca must be dismissed as Plaintiff lacks the capacity to represent them, and the Court therefore focuses its analysis on the propriety of the claims brought by Plaintiff on his own behalf. *See id.*

### B. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

With respect to his own claims, the Court finds that Plaintiff has failed to demonstrate that he has standing to bring this case nor shown that the Court has jurisdiction to grant him the extraordinary relief of a writ of mandamus compelling further action on Barreca's visa application which he admits was already denied by the Embassy. The Court also believes that leave to amend must be denied because even if Plaintiff had standing to bring his claim, it would be barred by the doctrine of consular non-reviewability. On the latter point, the Supreme Court has explained that:

> [f]or more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" [*Trump v. Hawaii*, 585 U.S. 667, 702, 138 S.Ct. 2392, 201 L.Ed.2d 775 (2018) (quoting *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d

> 50 (1977))]. Congress may delegate to executive officials the discretionary authority to admit noncitizens "immune from judicial inquiry or interference." *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–591, 72 S.Ct. 512, 96 L.Ed. 586 (1952). When it does so, the action of an executive officer "to admit or to exclude an alien" "is final and conclusive." *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543, 70 S.Ct. 309, 94 L.Ed. 317 (1950); *see also Dept. of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138–139, 140 S.Ct. 1959, 207 L.Ed.2d 427 (2020); [*Kleindienst v. Mandel*, 408 U.S. 753, 765–766, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972)]; *Nishimura Ekiu v. United States*, 142 U.S. 651, 659–660, 12 S.Ct. 336, 35 L.Ed. 1146 (1892). The Judicial Branch has no role to play "unless expressly authorized by law." [*United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543, 70 S.Ct. 309, 94 L.Ed. 317 (1950)]. The Immigration and Nationality Act (INA) does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions. This principle is known as the doctrine of consular nonreviewability.

*Dep't of State v. Munoz*, 602 U.S. 899, 908, 144 S. Ct. 1812, 1820, 219 L. Ed. 2d 507 (2024). The Court's rationale follows.

As an initial matter,

> "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). To qualify for relief, a plaintiff must show: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Temple Univ. Hosp., Inc. v. Sec. U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (quoting Wright & Miller, Fed. Prac. & Proc. Judicial Review § 8312 (2d ed. Apr. 2021 update)). […] [T]hese requirements are jurisdictional. *Id.* "[U]nless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).
> 
> …
> 
> "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). To that end, "a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion."

>*Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (internal quotation marks omitted). "An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Id.*

*Shaqran v. Blinken*, Civil No. 23-1406, 2024 WL 3237595, at *7 (E.D. Pa. June 27, 2024). Similarly, pursuant to the Administrative Procedure Act, the Court may only compel agency action if the agency has "a discrete, nondelegable duty to act." *Bimbo Bakeries USA, Inc. and Valerii Khadikov v. Marco Rubio, et al.*, 2025 WL 860493, at *4 (E.D. Pa. Mar. 19, 2025) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–65 (2004); *Massie v. United States Dep't of Housing and Urban Development*, 620 F.3d 340, 347 (3d Cir. 2010)).

"[S]tanding is generally an inquiry about the plaintiff: is this the right person to bring this claim." *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)).  As such, Plaintiff bears the burden to establish Article III standing by showing that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Mielo v. Steak 'n Shake Ops. Inc.*, 897 F.3d 467, 478 (3d Cir. 2018) (internal quotation marks and citation omitted). As to injury in fact, "a plaintiff must first show that he or she suffered an invasion of a legally protected interest. Second, a plaintiff must show that the injury is both concrete and particularized. Third, a plaintiff must also show that his or her injury is actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citation omitted). Taken together, Plaintiff must show that Defendants owe him a discrete, nondelegable duty to provide him reasons why Barreca's visa was denied or to reconsider the denial of the application, that he has been personally injured by Defendants' failure to act, and that his injuries can be redressed by the order he has requested.  See *Bimbo Bakeries*, 2025 WL 860493 at *6.

It is this Court's opinion that Plaintiff has not established that he has standing to pursue mandamus relief in this case for several reasons.

First, while the Court recognizes that Plaintiff is pro se and has a duty to liberally construe the allegations in the Complaint, he has not cited any specific provisions of the INA nor its implementing regulations which were allegedly violated by Defendants. (*See generally* Docket No. 3). As noted above, judicial review of visa applications is narrowly circumscribed, *see Munoz*, 602 U.S. at 908, and the extraordinary relief of a writ of mandamus may only be issued if Plaintiff shows a clear right to relief and a clear duty of Defendants to act, *see Temple Univ. Hosp., Inc.*, 2 F.4th at 132. Plaintiff has simply not done so here.

Second, a review of pertinent caselaw confirms that an individual who merely sponsors the visa application of another person lacks standing to challenge the denial or cancellation of a visa. *See e.g., Fife v. Barr*, 469 F. Supp. 3d 279, 297–98 (D.N.J. 2020), *aff'd sub nom. Fife v. Att'y Gen. United States*, 845 F. App'x 95 (3d Cir. 2021) (affirming District Court decision that sponsors of F-1 nonimmigrant student visas did not have standing because they were bystanders to applicant's visa status and lacked standing to contest the cancellation of the visas). Plaintiff alleges only that he "invited" Barreca to attend a trade show and therefore has not demonstrated that he has any statutory or constitutional right in Barreca's visa application. (*See* Docket No. 3 at ¶¶ 1, 2, 9).

Third, a business challenging the denial of a B-1 business visitor visa application could possibly establish that it is within the zone of interests sufficient to meet the initial prong of the standing test. *See e.g., CSL Plasma Inc. v. U.S. Customs and Border Protection*, 33 F. 4th 584, 593 (D.C. Cir. 2022) (finding that plasma companies sufficiently stated a cause of action challenging the denial of B-1 visas to Mexican applicants denied visas to enter the U.S. to donate

plasma at U.S. facilities). Yet, as the Court has already explained, Plaintiff is not a lawyer and cannot bring any claims on behalf of his business via this lawsuit. *See* 28 U.S.C. § 1654.

Fourth, and most importantly, Plaintiff cannot demonstrate standing in this case because he admits that the Embassy denied Barreca's application, and the relevant statutes and regulations make clear that there is no non-discretionary duty for the consular officer at the Embassy to provide the visa applicant with extensive legal reasons for the denial nor to re-adjudicate a visa which has been refused. *See Bimbo Bakeries*, 2025 WL 860493, at *6-7. To that end, the U.S. District Court for the Eastern District of Pennsylvania recently recognized that:

> [t]he State Department by regulation has a discrete, nondelegable duty—upon execution of a visa application—to either: (i) issue the visa, (ii) refuse the visa application under 8 U.S.C. § 1182(a), 8 U.S.C. § 1201(g), or other applicable law, or (c) discontinue granting the visa under INA section 243(d)." 22 C.F.R. § 41.121(a). Section 221(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1201(g), provides that "[n]o visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa... [or] (2) the application fails to comply with the provisions of this Act, or the regulations issued thereunder[.]" When a consular officer refuses the issuance of a visa, the consular officer must inform the applicant of the ground of ineligibility and whether there is a mechanism to overcome the refusal. 22 C.F.R. § 41.121(b).

*Bimbo Bakeries*, 2025 WL 860493, at *4. As to the reasons for the denial, the statute provides that:

> a consular officer who denies a visa application "because the officer determines the alien to be inadmissible" must "provide the alien with a timely written notice that ... (A) states the determination, and (B) lists the specific provision or provisions of law under which the alien is inadmissible." § 1182(b)(1). The statute requires no explanation, however, "to any alien inadmissible" on certain grounds related to crime and national security. § 1182(b)(3).

8

*Munoz*, 602 U.S. at 904. With respect to reconsideration, Courts have found that "there is no mandatory, nondiscretionary duty to 'reconsider' [a] refused visa application that is in 'administrative processing,' and thus the Court cannot compel the Embassy to do so." *Bimbo Bakeries*, 2025 WL 860493, at *6.

In a similar factual scenario, Chief Judge Mark R. Hornak of this District found that the same principles rendered a case brought by a visa applicant moot and dismissed the claims for lack of subject matter jurisdiction. *See Denisova v. Mayorkas*, Civil A. No. 2:23-CV-01902-MRH, 2024 WL 2043664, at *4 (W.D. Pa. May 8, 2024). As Chief Judge Hornak explained,

> […] Mr. Denisov's visa application was refused at his interview at the Almaty consulate on May 23, 2023, thus mooting the case. And while that refusal was followed by a request for further information, that request simply commenced the reconsideration process, as opposed to continuing the prior application period. As have the other courts that have considered this question, the Court concludes that the consular officer's action in refusing Mr. Denisov's application constituted a final agency decision such that the issue has been rendered moot such that the Court has no jurisdiction over the action. The Complaint must therefore be dismissed.

*Id.* It appears to the Court that "standing is a more appropriate inquiry here because the Embassy's refusal to issue […] a visa occurred prior to commencement of litigation." *Bimbo Bakeries*, 2025 WL 860493, at *5 (citing *W. Virginia v. EPA*, 597 U.S. 697, 718–19 (2022) ("[S]tanding concern[s] whether a plaintiff has satisfied the requirement when filing suit[.]... [M]ootness, not standing, [ ] addresses whether 'an intervening circumstance [has] deprive[d] the plaintiff of a personal stake in the outcome of the lawsuit'") (internal quotation omitted).

All told, this Court must similarly conclude that Plaintiff has failed to establish subject matter jurisdiction over this case because he is not the "right person" to bring this lawsuit and has otherwise not shown that he is entitled to a writ of mandamus compelling Defendants to undertake further action on another individual's visa application by providing legal reasons for the denial or

9

reconsidering the application. As noted, Plaintiff has not met his burden to show a clear right to the relief he seeks as he has not cited any statute or regulation requiring Defendants to provide him with the legal reasons for denying Barreca's visa application nor to reconsider the denial of that application. See *Temple Univ. Hosp., Inc.*, 2 F.4th at 132. Further, the Court's independent research has revealed that the consular officer at the Embassy owes no further duty to the visa applicant, Barreca, and Defendants therefore owe Plaintiff no such duty as he is, at most, a sponsor of the application. Accordingly, Plaintiff's Complaint for Writ of Mandamus must be dismissed for lack of subject matter jurisdiction.

### C. Leave to Amend

As a final matter, in pro se civil rights actions, a plaintiff is generally granted leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). Here, the Court finds that leave to amend would be futile as Plaintiff lacks standing to pursue this action for the reasons set forth above. See *Bimbo Bakeries*, 2025 WL 860493, at *6. However, even if Plaintiff had standing, his Complaint would be subject to dismissal for failure to state a claim under the doctrine of consular non-reviewability because he has not shown that his own constitutional rights were infringed by the denial of Barreca's visa application. See *Munoz*, 602 U.S. at 904. In any event, as the Court has explained, a consular officer at the Embassy does not need to provide extensive legal analysis to refuse a visa but may simply provide a citation to the statutory provision under which the alien is inadmissible and may even withhold that information if the denial is based on criminal activities or national security reasons. See *Munoz*, 602 U.S. at 904. Plaintiff also cannot plead a cognizable claim asserting any harm arising from delays in the post-refusal administrative processing of Barreca's visa application because he filed this action approximately three weeks after the visa was refused. (Docket No. 3).

As Chief Judge Hornak recounted in his decision, courts have noted that much longer delays extending beyond a year were not unreasonable. *See Denisova*, 2024 WL 2043664, at *5 (listing cases with delays of one year, 30-months and 25-months which were not unreasonable). Hence, leave to amend is denied.

V.     CONCLUSION

Based on the foregoing, Plaintiff's Complaint for Mandamus is dismissed, without prejudice, for lack of subject matter jurisdiction. *See e.g., Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is 'without prejudice.'"); *New Jersey Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 (3d Cir. 2011) ("the District Court's dismissal for lack of subject matter jurisdiction was by definition without prejudice."). An appropriate Order follows.

                                                               *s/Nora Barry Fischer*
                                                               Nora Barry Fischer
                                                               Senior U.S. District Judge

Dated: March 28, 2025

cc/ecf:  Adrian Soriano
         5951 Brownsville Rd
         Pittsburgh, PA 15236
         (via first class mail and by email to: adrian@pushnpull.net )